UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO HERNANDEZ,<br>CDCR #AF-8851,<br><br>         Plaintiff,<br><br>  vs.<br><br>DR. NATHAN WILLIAMS;<br>DR. NASIR; DR. STEPKE;<br>DR. ERIKA ESTOCK,<br><br>         Defendants. | Case No.: 3:21-cv-0944-WQH-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED INFORMA PAUPERIS [ECF No. 14]; AND**<br><br>**(2) DIRECTING UNITED STATES MARSHAL SERVICE TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT** |

**I. Procedural History**

On May 17, 2021, Lino Hernandez ("Plaintiff"), currently incarcerated at the California State Prison – Los Angeles County ("CSP-LAC") located in Lancaster, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). While Plaintiff was housed at CSP-LAC at the time he filed this

action, the named Defendants are prison officials at Calipatria State Prison ("CAL"). (*See* Compl. at 1.) Instead of initially filing a Motion to Proceed *In Forma Pauperis* ("IFP"), Plaintiff paid the entire initial $402 civil filing fee. Thus, the Court issued a summons as to all named Defendants. (*See* ECF No. 6.)

Plaintiff has now filed a First Amended Complaint ("FAC"), as well as a Motion to Proceed IFP. (*See* ECF Nos. 10, 14).

## II.     Plaintiff's Motion to Proceed IFP

Because plaintiffs who prepay the civil filing fee are not considered to proceed IFP, they are not automatically entitled to have the U.S. Marshal effect service on their behalf, and they must do so within the 90 days provided by FED.R.CIV.P. 4 (m). *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to FED.R.CIV.P. 4(c)(2), persons who prepay civil filing fees "remain[] responsible for timely service"). The Court will construe Plaintiff's Motion, *see* ECF No. 14, as a Motion to Proceed IFP for purposes of service only.

FED.R.CIV.P. 4(c)(3) provides that "[a]t the request of the plaintiff . . . the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose." FED.R.CIV.P. 4(c)(3). In addition, as noted above, when plaintiffs are granted leave to proceed IFP, the United States Marshal, upon order of the court, is authorized to serve the summons and complaint on the pauper's behalf. *See* 28 U.S.C. § 1915(d); *Boudette*, 923 F.2d at 757; *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1993).

Although Plaintiff has paid the $402 civil filing and administrative fee, he may still be eligible to proceed IFP. A request to proceed IFP need not be filed at any particular time, but may be initiated at any stage of a proceeding, since a person who is not an indigent at the commencement of a suit may become one during or prior to its prosecution. *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be

acquired or lost throughout the course of the litigation"), *aff'd in pertinent part sub. nom, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

The Court now finds that Plaintiff's Motion to Proceed IFP is sufficient to show that he, since the payment of filing fees and commencement of this action, has become unable to execute the service of his own Summons and FAC. Accordingly, and in order to aid in the timely administration of justice in this matter, he will now be permitted to proceed IFP pursuant to Fed.R.Civ.P. 4(c)(2) for purposes of service only.

Therefore, the Court will direct the U.S. Marshal to effect service of summons and Plaintiff's FAC on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

**III.  Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2)**

   A.   Standard of Review

Because Plaintiff is a prisoner and is now proceeding IFP, the Court may conduct a pre-answer screening pursuant to 28 U.S.C. Section 1915(e)(2). Under this statute, the Court may sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar

standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   <u>Eighth Amendment medical care claims</u>

The Eighth Amendment requires that inmates have "ready access to adequate medical care," *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), and "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Based on the allegations set forth in the FAC, the Court finds that Plaintiff's Eighth Amendment allegations against Defendants are sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. Section 1915(e)(2). *See Wilhelm*, 680 F.3d at 112.

**IV.   Conclusion and Orders**

For the reasons discussed, the Court:

1)   **GRANTS** Plaintiff's Motion to Proceed IFP for purposes of service only [ECF No. 14];

2)   **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (ECF No. 10) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his FAC, and the summons so that he may serve the Defendants. Upon receipt of

this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where the Defendants may be served*, *see* S.D. Cal. CivLR 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

3)     **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon the Defendants as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

4)     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on the Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: September 21, 2021

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court