UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO HERNANDEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>DR. NATHAN WILLIAMS; DR. NASIR; DR. STEPKE; and DR. ERIKA ESTOCK,<br><br>                    Defendants. | Case No.: 21-cv-944-WQH-KSC<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 30]** |

Plaintiff Lino Hernandez ("plaintiff") is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983, alleging defendants violated his rights under the United States Constitution. *See* Doc. Nos. 1, 29. Before the Court is plaintiff's Motion for Appointment of Counsel (the "Motion" or "Mot."). Doc. No. 30. This is plaintiff's second request to have counsel appointed for him at taxpayer expense. *See* Doc. No. 12. For the reasons stated below, the plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

On May 17, 2021, plaintiff filed the instant Action, alleging that defendants violated his rights under the Eighth and Fourteenth Amendments. Doc. No. 1. Plaintiff has amended his complaint twice with the Court's leave. *See* Doc. Nos. 10, 29. The Second

1

Amended Complaint ("SAC") was filed on December 8, 2021. Doc. No. 29. It does not appear that the defendants have been served with the SAC, although all four defendants returned a waiver of service with respect to plaintiff's prior amended complaint. Doc. Nos. 25, 26, 27, and 28.

On August 27, 2021, plaintiff moved for the appointment of counsel, stating that he could not afford a lawyer, and that his incarceration and pain due to his medical condition "greatly limit[ed]" his ability to litigate his "complex" claims. Doc. No. 12 at 1-2. Plaintiff further complained that due to COVID-19 related restrictions, he was unable to access the law library. *Id.* at 2. This Court denied plaintiff's motion without prejudice on September 3, 2021, finding that plaintiff had not established "exceptional circumstances warranting the appointment of counsel." Doc. No. 15 at 4.

On January 3, 2022, plaintiff filed the instant Motion. In support of his renewed request that the Court appoint counsel to represent him, plaintiff again asserts that "[his] lawsuit has merit" and "will require factual investigation" that he is unable to undertake because he has been unable to access the law library. Mot. at 1. Plaintiff also states that he does not know court rules and procedures, and that due to his medical condition he is in pain "every day" and "cannot con[ce]ntrate." *Id.* at 3. Plaintiff reports that he and his family have attempted to retain counsel independently, but have thus far not located an attorney willing to take plaintiff's case. *Id.* at 1.

## II.   DISCUSSION

As the Court has explained, "[t]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). However, District Courts have discretion to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "That a *pro se* litigant may be better served with the assistance of counsel is not the test." *Okler v. MCC IMU Prison*, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019). Instead, the Court "must determine whether a) there is a likelihood of success on the merits; and b) the prisoner is

unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1219 (9th Cir. 2014). "None of these factors is dispositive; rather they must be considered cumulatively." *Id.*

### A.  Likelihood of Success

"A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Plaintiff states that his claim has merit, but beyond repeating the allegations in the SAC, he has not identified any facts to support a finding of the likelihood of his success. Defendants have not yet responded to plaintiff's Second Amended Complaint, and no discovery has been taken. At this early stage of the proceedings, there is nothing in the record upon which the Court could base a finding that plaintiff is likely to succeed on the merits of his claim.

### B.  Plaintiff's Ability to Pursue His Claims

The Court is also not persuaded that plaintiff lacks the ability to pursue his claims. Plaintiff states that he needs a lawyer to help him because "he does not know the rules of the Court" nor "how to file a proper motion," and that he is "behind" in the litigation because his access to the law library is limited. Mot. at 3. These same arguments were presented to the Court in plaintiff's prior motion. Doc. No. 12 at 1-2. As before, the Court finds that plaintiff's lack of legal training and his need to conduct discovery, develop the facts of the case and prepare motions is common among incarcerated litigants and is not a basis for the appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (finding that even though "a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case," that is not enough to demonstrate exceptional circumstances); *see also Williams v. Lozano*, No. 1:15-cv-01250-BAM (PC), 2018 WL 558765, at *1 (E.D. Cal. Jan. 25, 2018) (noting that most incarcerated litigants are "not well versed in the law").

The Court has also already addressed plaintiff's limited access to the law library due to pandemic-related restrictions, and finds once again that this difficulty is also common

most incarcerated litigants today. The Court observes that defendants have not appeared in the action, and that no Scheduling Order or discovery deadlines have been set. Nevertheless, the Court reminds plaintiff that it will consider reasonable requests by plaintiff for additional time to meet the Court's deadlines where plaintiff has been unable to comply with any deadline due to lack of library access.

Furthermore, despite plaintiff's claimed difficulties in advancing his case, the Court notes that plaintiff has filed three complaints, a motion to order defendants to respond to his initial complaint, three motions to amend the complaint, a motion to proceed *in forma pauperis* and two motions for the appointment of counsel. *See* Doc. Nos. 1, 3, 8, 10, 12, 14, 20, 23, 29, 30. The Court finds plaintiff's litigation activity thus far demonstrates that he understands basic litigation procedure and can advocate on his own behalf.

### C.  Conclusion

For the reasons set forth above, the Court finds plaintiff has not met his burden to establish exceptional circumstances warranting the appointment of counsel to represent him at taxpayer expense. As before, if plaintiff's circumstances change such that he can make the necessary showing that he is both likely to succeed on the merits of his claims, and unable to competently articulate those claims, he may renew his motion. However, plaintiff is admonished that a renewed motion that merely repeats arguments already considered and rejected by the Court will not be granted.

### ORDER

Plaintiff's Motion for Appointment of Counsel [Doc. No. 12] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: January 14, 2022

Hon. Karen S. Crawford
United States Magistrate Judge