1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11    LINO HERNANDEZ,                          Case No.: 21-cv-944-WQH-KSC

12                     Plaintiff,
                                               **ORDER DENYING WITHOUT**
13    v.                                       **PREJUDICE PLAINTIFF'S MOTION**
                                               **FOR DISCOVERY**
14    DR. NATHAN WILLIAMS; DR. NASIR;
      DR. STEPKE; and DR. ERIKA ESTOCK,        **[Doc. No. 34]**
15
                       Defendants.
16

17

18        Plaintiff Lino Hernandez ("plaintiff") is proceeding *pro se* and *in forma pauperis* in

19   this action under 42 U.S.C. § 1983. Before the Court is plaintiff's Motion for Discovery

20   (the "Motion"). Doc. No. 34. In the Motion, plaintiff identifies various documents and

21   other tangible things he wants defendants to produce, and further requests that the Court

22   set a pretrial schedule in the matter. *See generally id.* For the reasons explained below,

23   plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

24        ***Background.*** Plaintiff commenced this Action on May 17, 2021, alleging that

25   defendants violated his rights under the Eighth and Fourteenth Amendments. Doc. No. 1.

26   Plaintiff amended his complaint, and an amended summons was issued on September 22,

27   2021. Doc. No. 17. On October 26, 2021, the Court granted plaintiff's Motion to Amend

28   and ordered plaintiff to file a Second Amended Complaint by December 10, 2021. Doc.

No. 21. Defendants, through Deputy Attorney General Agustin Lopez, waived service on November 19, 2021. *See* Doc. Nos. 25-28. Plaintiff filed a Second Amended Complaint on November 29, 2021. Doc. No. 28. Plaintiff's Second Amended Complaint is now the operative complaint in the matter.

***Plaintiff's Request to Set a Pretrial Schedule Is Premature.*** In the interests of judicial economy, the Court typically does not set a pretrial schedule until the pleadings are settled. *See* Fed. R. Civ. P. 16(b)(2) (providing that the Court may in its discretion delay setting a schedule for good cause). Here, for reasons unknown to the Court, despite waiving service defendants have neither appeared nor responded to the SAC. Accordingly, the Court finds that plaintiff's request that the Court "set deadlines and cutoff dates for trial, discovery and motions" is premature. *See* Motion at 3. The Court **DENIES** this request **WITHOUT PREJUDICE** to plaintiff's ability to renew his request once defendants have responded to the Second Amended Complaint.

***Plaintiff's Request for Discovery Is Also Premature.*** The remainder of the Motion consists of plaintiff's request that defendants "forward" certain documents, handwritten reports, and electronic devices to him "so [he] could prosecute his case." *See* Motion at 1. Plaintiff asks that the Court "grant his request for discovery." *See id.* For the same reasons as explained above, the Court will not entertain discovery motions until the defendants have answered the Second Amended Complaint.

Furthermore, despite his *pro se* status, plaintiff is expected to comply with the Federal Rules of Civil Procedure, this District's Local Rules, and the undersigned's Chambers' Rules. [1]  Those rules provide that to obtain discovery, plaintiff must first serve discovery requests on defendants and other nonparties according to the Federal Rules of Civil Procedure, and must provide those persons with the opportunity to object and/or respond to his requests within the time frames set forth in those Rules. The parties are not

---

[1] The Local Rules and the undersigned's Chambers' Rules are available on the Court's website. *See* www.casd.uscourts.gov/rules.

21-cv-944-WQH-KSC

to file their discovery requests with the Court. *See* CivLR 33.1.c and 36.1.c. If plaintiff is not satisfied with the discovery responses he receives, he must then meet and confer with the responding party. Plaintiff has not made any showing in his Motion that he followed these procedures, which he is required to do before the Court will entertain a motion to compel discovery. *See* CivLR 26.1; Chambers' Rules and Pretrial Procedures for the Honorable Karen S. Crawford § VIII.A.

For the foregoing reasons, the Court finds that plaintiff's request that the Court order defendants to produce the discovery identified in his Motion is premature. Accordingly, plaintiff's Motion is **DENIED WITHOUT PREJUDICE**. Plaintiff may seek the Court's assistance with a discovery dispute in the future after following the appropriate procedures and meeting and conferring in good faith with defendants. All parties are advised that any future request for the Court's assistance with a discovery dispute must include the following:

(1) a copy of the discovery requests at issue;

(2) the date the requests were served and the date the responses (if any) were received;

(3) a statement by the propounding party that he has met and conferred with opposing counsel to try to resolve the dispute and the dates and manner (*i.e.*, via phone, written communication, etc.) of such meet and confer session(s);

(4) an explanation of why the propounding party is entitled to the documents or other information sought in the discovery requests, supported by citation to appropriate legal authorities; and

(5) if any responses to the discovery have been received, an explanation of why the propounding party believes those responses are not adequate.

Any discovery motion must also comply with the Civil Local Rules. The Court may in its discretion reject any discovery motion that fails to comply with these requirements. Furthermore, if any party makes a discovery motion, the Court will afford the opposing

///

21-cv-944-WQH-KSC

1   party an opportunity to respond. The Court will determine the most appropriate resolution

2   only after it has heard from both parties.

3                                            **ORDER**

4          For the reasons stated above, plaintiff's Motion for Discovery [Doc. No. 34] is

5   **DENIED WITHOUT PREJUDICE**. The Clerk of the Court is respectfully requested to

6   mail a copy of this Order to:

7
        California Department of Justice
8       Office of the Attorney General
        ATTN: Agustin Lopez
9       600 W Broadway Ste 1800
        San Diego, CA 92101
10

11

12  **IT IS SO ORDERED.**

13  Dated: April 27, 2022

14                                                 _____
                                                   Hon. Karen S. Crawford
15                                                 United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

21-cv-944-WQH-KSC