UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO HERNANDEZ,<br><br>        Plaintiff,<br><br>v.<br><br>DR. NATHAN WILLIAMS; DR. NASIR; DR. STEPKE; and DR. ERIKA ESTOCK,<br><br>        Defendants. | Case No.: 21-cv-944-WQH-KSC<br><br>**ORDER DENYING REQUEST FOR SCREENING**<br><br>**[Doc. No. 37]** |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by plaintiff Lino Hernandez ("plaintiff"), a prisoner who is proceeding *pro se* and *in forma pauperis*. Before the Court is defendants' Request for Screening of the Second Amended Complaint (the "Request"), in which defendants request that the Court screen plaintiff's Second Amended Complaint ("SAC") pursuant to 28 U.S.C. § § 1915A (hereafter "Section 1915A"). Doc. No. 37. For the reasons stated below, defendants' Request is **DENIED**.

## BACKGROUND

Plaintiff commenced this action on May 17, 2021, alleging that defendants violated his rights under the Eighth and Fourteenth Amendments (the "Initial Complaint"). Doc. No. 1. In August 2021, plaintiff sought leave to file a First Amended Complaint (the "FAC") and moved for the first time to proceed *in forma pauperis*. *See* Doc. Nos. 8, 14.

The District Court conducted a pre-answer screening of the FAC. *See* Doc. No. 16. As explained in its Order dated September 22, 2021, the District Court determined that "plaintiff's Eighth Amendment allegations against [d]efendants [were] sufficient to survive the 'low threshold' set for *sua sponte* screening . . .." *Id.* at 4. The District Court also granted plaintiff's motion to proceed *in forma pauperis*. *Id.* at 3. Accordingly, the District Court directed that a summons be issued and that plaintiff, with the assistance of the United States Marshal, take steps to serve defendants with the FAC. *Id.* at 4-5. Plaintiff's FAC was docketed as of August 12, 2021. *See* Doc. No. 10. The summons was issued on September 22, 2021. Doc. No. 17. On November 19, 2021, all defendants named in the FAC waived service through their counsel, Deputy Attorney General Agustin Lopez. *See* Doc. Nos. 25-28; *see also* Doc. No. 37 at 2 (acknowledging waiver).

On October 26, 2021, the undersigned Magistrate Judge granted plaintiff's Motion to Amend, allowing plaintiff to add state-law tort claims to the then-operative FAC. Doc. No. 21. The Court ordered plaintiff to file the SAC by December 10, 2021 and specifically instructed plaintiff that the SAC must not add any new defendants or new federal claims. *See id.* Plaintiff filed the SAC on November 29, 2021, which, in compliance with the Court's order, named the same defendants as the FAC and re-pled the same federal claims. *Compare* Doc. No. 10 *with* Doc. No. 29.

On April 21, 2022, plaintiff moved the Court to set a pretrial schedule. Doc. No. 34. On April 27, 2022, the Court denied plaintiff's motion as premature.[1] *See* Doc. No. 35. The Court explained that it "typically does not set a pretrial schedule" or initiate discovery "until the pleadings are settled," and that "for reasons unknown to the Court, despite waiving service defendants have neither appeared nor responded to the SAC." *See id.* at 2. The Court directed that a copy of the Order be sent directly to Mr. Lopez, who signed the waivers of service on behalf of defendants. *Id.* at 4.

---

[1] Plaintiff also moved for production of certain documents from defendants, which the Court denied as both premature and procedurally improper. *See* Doc. Nos. 34, 35.

On May 23, 2022, the District Court issued an Order to Show Cause ("OSC"). Doc. No. 36. The District Court noted that defendants had not responded to the SAC after waiving service and ordered defendants to show cause why a default judgment should not be entered against them. *See id.* Thirty days later, on June 22, 2022, defendants responded to the OSC. Doc. No. 38. Defendants stated that the SAC had not been screened by the Court and that they were "under the impression that they were not obligated to respond to the SAC until it was screened." *Id.* at 1-2. On the same day, defendants filed the Request now before the Court. Doc. No. 37.

## DISCUSSION

Defendants assert that Section 1915A commands the Court to screen the SAC, and request that the Court do so before any response to the SAC is required. Doc. No. 37 at 3, 5. According to defendants, screening is necessary here because the SAC is "materially different" from the already-screened FAC. *Id.* at 4. Defendants identify such "material[] differen[ces]" as "different factual details" which "change the nature and severity" of plaintiff's damages, the repleading of an already-dismissed Fourteenth Amendment claim, and newly alleged state law claims. *Id.*

Section 1915A provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint or any portion thereof that fails to state a claim. 28 U.S.C. § 1915A(a) and (b). "Based on the 'plain meaning' of the terms 'before docketing' or 'as soon as practicable after docketing,'" Section 1915A "'mandates early screening of prisoner complaints'" before an answer is filed. *Newton v. Eatmon*, No. 21cv15-LAB(KSC), 2021 WL 5494812, at *1 (S.D. Cal. Nov. 23, 2021) (quoting *Olausen v. Murguria*, No. 3:13-cv-00388-MMD-VPC, 2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014). Complaints that do not survive this early screening will not be served upon defendants, relieving them of the need to respond. In this District and many others, defendants "are not required to respond to the majority of the civil rights cases filed by

prisoners . . . [because] [m]ost are dismissed after screening and before service and response is required." *Harris v. Ford*, 32 F.Supp.2d 1109, 1110-11 (D. Alaska 1999).

Where the Court dismisses a prisoner-plaintiff's complaint in its entirety but with leave to amend before ordering U.S. Marshal service on any defendant, it again screens any subsequent amended complaint pursuant to Section 1915A until a determination is made that the pleading contains a cognizable claim "sufficient to warrant ordering [defendants] to file an answer." *See Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012). The Court is also authorized pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C.A. § 1997e(c) to dismiss a complaint "at any time" if it finds the allegations are frivolous or fail to state a claim, or that defendants are immune from suit. But, once the plaintiff has stated a cognizable claim, Section 1915A "does not ***require*** a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint." *Olausen*, 2014 WL 6065622, at *3 (emphasis added); *see also id.* at *2 (finding that "[j]ust because a court has authority to dismiss the case at any time does not mean it is compelled to re-screen every proposed amended complaint filed after the initial pre-answer screening"). Defendants' contrary position has been repeatedly rejected by courts in this District and throughout the Ninth Circuit as unsupported by the text of the statute and contrary to its purpose.[2]

---

[2] *See, e.g., id.* at *4 (finding that "[t]he Court is not compelled under 28 U.S.C. § 1915A(a) to re-screen" an amended complaint); *Scott v. Cox*, No. 2:17-cv-00702-JAD-BNW, 2020 WL 9056041, at *1 (D. Nev. Sept. 29, 2020) (stating that Section 1915A's "compulsory judicial screening requirement does not extend to every proposed amended complaint"); *Simmons v. CDCR*, 49 F.Supp.3d 700, 701 (E.D. Cal. 2014) (denying request for screening and noting that "the court performed its duty under § 1915A when it screened" plaintiff's previous complaint); *Rincon v. Cate*, No. 09cv2698–JLS (NLS), 2011 WL 1642615, at *2 (S.D. Cal. Apr. 29, 2011) (noting that once a complaint survives initial screening, "if an amended complaint [is] filed . . . counsel for [d]efendants [is] required to defend the case by filing a motion under Rule 12(b)(6) or face a default judgment"); *see also Festa v. Sandoval*, No. 2:17-cv-00850-APG-NJK, 2020 WL 8087918, at *1 (D. Nev.

As has been explained elsewhere, "[t]he Supreme Court has [ ] recognized that 'the PLRA mandated early judicial screening to reduce the burden of prisoner litigation on the courts.' [ ] Construing the PLRA ... to require court screening of every amended complaint ... would increase, not reduce, the burden on federal courts." *Hucker v. Daub*, No. 21-cv-00577-JLS-AHG, 2021 WL 4375950, at *2 (S.D. Cal. Sept. 22, 2021) (quoting *Olausen*, 2014 WL 6065622, at *4). This is particularly true where the Court has already found some of plaintiff's claims viable. As the Court explained in *Newton*, ""even if the Court were to 're-screen' the [amended complaint] and dismiss it in part for some minor pleading irregularity, there would be no reduction in the volume of inmate litigation or any decrease in the burden on the Court," since "plaintiff would still be able to proceed on" the claims that survived initial screening and were re-pled in the amended complaint. *Newton*, 2021 WL 5494812, at *2. These considerations are manifest in this case. Whatever the deficiencies may be in the pleading of plaintiff's state-law tort claims or changes to the "nature and severity" of his damages (*see* Doc. No. 37 at 4), the fact remains that plaintiff has stated a cognizable Eighth Amendment claim to which defendants must respond. The Court finds there is no efficiency to be gained from conducting another screening pursuant to Section 1915A.

Implicit in defendants' Request is that plaintiff's claims would not survive a second screening. If defendants believe – for reasons not detailed in their four-page filing – that the SAC does not state a claim against them, they are not without recourse. Subject to the District Court's determination regarding defendants' response to the OSC, defendants are "free" to make a motion under Rule 12. *See Harris*, 32 F.Supp.2d at 1111 (observing that defendants were "free" to file a dispositive motion once the court determined that plaintiff had stated a cognizable claim). Indeed, they have been "free" to do so since the filing of

---

Nov. 30, 2020) (finding "no need to *sua sponte* screen" a prisoner's amended complaint and construing the request for screening as an opposition to plaintiff's motion to amend).

the SAC on December 8, 2021. *See id.* Because "the Court's role is not to act as counsel for the defense," the Court declines defendants' invitation to undertake the task of testing plaintiff's pleading on their behalf. "This is not the first time a Court of this District has made this point clear." *Rincon*, 2011 WL 1642615, at *1 (citing *Brooks v. Alameida*, No. 04-cv-2059-H-CAB, Doc. No. 30 at 8–13 (S.D. Cal. Sept. 7, 2005)).

## **ORDER**

For the above reasons, the Court declines to screen the SAC pursuant to Section 1915A. Defendants' Request for Screening of the Second Amended Complaint [Doc. No. 37] is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated:  June 30, 2022

Hon. Karen S. Crawford
United States Magistrate Judge