UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO HERNANDEZ,<br><br>                            Plaintiff,<br><br>v.<br><br>DR. NATHAN WILLIAMS; DR. STEPKE; DR. NASIR; and DR. ERICA ESTOCK,<br><br>                            Defendants. | Case No.: 21-cv-944-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

On May 17, 2021, Plaintiff Lino Hernandez initiated this action by filing a Complaint. (ECF No. 1). On August 12, 2021, Plaintiff filed an Amended Complaint ("FAC"). (ECF No. 10).

On August 27, 2021, Plaintiff filed a Motion to Proceed In Forma Pauperis. (ECF No. 14). On September 22, 2021, the Court issued an Order granting the Motion to Proceed In Forma Pauperis. (ECF No. 16). In that Order, the Court conducted a sua sponte screening of the FAC pursuant to 28 U.S.C. § 1915(e)(2) and determined that "Plaintiff's Eighth Amendment allegations against Defendants are sufficient to survive the 'low threshold' set for sua sponte screening." (*Id.* at 4).

On November 3, 2021, Plaintiff sent Defendants a request for waiver of service of summons of the FAC, and on November 19, 2021, all Defendants waived service of summons. (*See* ECF Nos. 25-28).

On December 8, 2021, Plaintiff Lino Hernandez filed the operative Second Amended Complaint ("SAC"). (ECF No. 29). On April 27, 2022, the Magistrate Judge issued an Order that stated that "for reasons unknown to the Court, despite waiving service defendants have neither appeared nor responded to the SAC." (ECF No. 35 at 2). On May 23, 2022, the Court issued an Order to Show Cause to Defendants. (ECF No. 36). The Order to Show Cause stated that "[m]ore than sixty days have elapsed, and Defendants have not responded to the SAC." (*Id.* at 2). The Order to Show Cause required Defendants to show cause "as to why default should not be entered." (*Id.* at 2).

On June 22, 2022, Defendants filed a Response, offering two reasons for having not responded to the SAC. The first is that "Defendants have not been properly served with the SAC, and have yet to waive service of the SAC." (ECF No. 38 at 2). The second is that "the Court has yet to screen the SAC as required by the PLRA, and Defendants were under the impression that they were not obligated to respond before the SAC was screened." (*Id.* at 1-2). Defendants "request 21 days to file an answer or other responsive pleading." (*Id.* at 2).

Service of the SAC is governed by Rule 5 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5(a)(1) ("[E]ach of the following papers must be served on every party: … a pleading filed after the original complaint …."); *Emp. Painters' Trust v. Ethan Ents., Inc.*, 480 F.3d 993, 999 (9th Cir. 2007) (stating that service of an amended complaint is ordinarily governed by Rule 5, not Rule 4). Service under Rule 5 is made on the attorney of a represented party and can be accomplished by "filing [the paper] with the court's electronic-filing system." Fed. R. Civ. P. 5(b); *see also* S.D. Cal. CivLR 5.4(b). The docket reflects that the SAC was filed on the Court's electronic-filing system and that Defendants are represented by an attorney who is a registered user. Defendants' position that they

"have not been properly served with the SAC, and have yet to waive service of the SAC" is unfounded and does not justify Defendants' failure to respond to the SAC.

On the same day that Defendants filed their Response to the Order to Show Cause, Defendants also filed a Motion for Screening of the SAC. (ECF No. 37). On June 30, 2022, the Magistrate Judge issued an Order denying the Motion for Screening of the SAC. (ECF No. 39). In the Order, the Magistrate Judge stated that the Court is authorized to dismiss the SAC at any time if it finds the allegations are frivolous or fail to state a claim. However, 28 U.S.C. § 1915A "does not *require* a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint" and "Defendants' contrary position has been repeatedly rejected by courts in this District." (ECF No. 39 at 4 (quoting *Olausen v. Murguria*, No. 3:13-cv-00388-MMD-VPC, 2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014))).

While screening is not required, Defendant's contentions regarding screening demonstrate a good faith basis for Defendants' failure to respond. There is no evidence that the limited delay caused by Defendants' inaction will prejudice Plaintiff. The Court finds that an extension of Defendants' time to respond to the SAC is warranted pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED that Defendants Williams, Stepke, Nasir, and Estock shall file an answer or other response to the Second Amended Complaint no later than fourteen (14) days from the date of this Order.

Dated: July 12, 2022

Hon. William Q. Hayes
United States District Court